/EKRITOKIAL LAW LIBRARY

IN THE SUPERIOR COURT OF GUAM JUN 25 PM 2: 17

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO.: CF0218-13 |
| | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| vs. | ) | RE. MOTION FOR GOOD CAUSE |
| | ) | CONTINUANCE OF TRIAL |
| Raymond Tedtaotao, | ) | |
| Anthony Mendiola, | ) | |
| Kyle J. Cruz, | ) | |
| Defendants. | ) | |

This matter came before the Honorable Maria T. Cenzon on June 17, 2013 on the People's Motion for Good Cause Continuance of Trial ("Motion"), which was filed on June 12, 2013. Assistant Attorney General Brian D. Gallagher represented the People of Guam (the "People"). Defendant Raymond Tedtaotao was represented by Attorney Sam Tekker. Defendant Anthony Mendiola was represented by Attorney William Pole. Defendant Kyle Cruz was represented by Attorney John Terlaje. The Court, having considered the Motion and the arguments presented during the hearing of this matter, issues the following written Decision and Order GRANTING the Motion.[1]

## BACKGROUND

Trial in this case was scheduled to commence on June 26, 2013, in compliance with the 45-day limitation pursuant to 8 G.C.A. § 80.60(a)(2).[2] The People, however, requested a continuance of the June 26th trial due to the unavailability of a key witness, the victim.

---

[1] During the June 17, 2013 hearing, the Court heard argument from the People and each of the Defendants on the Motion For Good Cause Continuance of the Trial and at the conclusion of the hearing orally granted the People's motion. Thus, the matter was stayed as of June 17, 2013, not as of the date of this written Decision and Order.

[2] Defendant Tedtatao and Defendant Mendiola, both of whom asserted their speedy trial right, had their arraignment on May 15, 2013. Defendant Cruz, who waived his speedy trial right, had his arraignment on May 22, 2013.

1

According to the People, the victim will be unavailable for the June 26th trial because she is receiving off-island medical treatment for injuries she sustained as a victim of the crimes with which the defendants have been charged. During the June 17, 2013 hearing, the People represented to the Court that the victim is currently undergoing therapy for approximately six and a half hours on a daily basis. The People also represented that more information on the victim's medical condition and availability will be obtained and will be provided to the Court and the other parties. In support of its Motion, the People cites the "good cause" provision under 8 G.C.A. § 80.60 as grounds for continuance.

## LAW AND ANALYSIS

8 G.C.A. § 80.60, provides that, "unless good cause is shown, a defendant in custody must be brought to trial within forty-five (45) days after his arraignment." *Guam v. Flores*, 2009 Guam 22 ¶ 23 (citing 8 GCA § 80.60 (2005)). "'What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court.'" *Id.* ¶ 32 (quoting *People v. Johnson*, 606 P.2d 738, 746 (Cal. 1980)). Defendants Tedtaotao and Mendiola both asserted their right to speedy trial and trial was scheduled to commence within the 45-day period, on June 26, 2013.

Based on the representations made by the People with regard to the unavailability of an essential witness for the prosecution, good cause exists to continue the June 26th trial. *See, e.g., People v. Goodman*, 41 N.Y.2d 888, 362 N.E.2d 615 (1977). Like the victim in this case, the victim in *Goodman* was unavailable to testify during the time period within the speedy trial deadline because of injuries sustained from the assault with which the defendant was charged. *Id.* at 889. The court in that case found that there was no speedy trial violation and stated that, "[t]he unavailability of a principal prosecution witness, for medical reasons, is sufficient

2

exceptional circumstance to warrant the exclusion of the period of delay." *Id.* at 889-90 (citing *People v. Gordon*, 47 A.D.2d 775, 365 N.Y.S.2d 269 (1975)). The People have represented to the Court that the victim is an "essential" witness for the prosecution. Therefore, because the victim will not be available for the June 26, 2013 trial due to her current medical condition, this Court finds that good cause exists under section 80.60 to continue the trial and to exclude the period of delay from the calculation of the 45-day limitation period.[3]

Furthermore, although not mentioned in the People's Motion, the Court finds that other good cause exists to continue the June 26th trial. More specifically, additional time must be allowed for the People to conduct DNA testing on Defendant Tedtaotao, as requested in the People's Motion for Discovery, dated June 3, 2013, which the Court granted on June 17, 2013. The Court was unable to address the People's request for a buccal swab of Defendant Tedtaotao until after he had successfully obtained legal representation, which he eventually did on June 17, 2013.[4] *See Flores*, 2009 Guam 22 ¶ 32 ("Delay for the defendant's benefit also constitutes good cause.").

The delay in addressing the discovery motion was occasioned to ensure Defendant Tedtaotao had conflict-free counsel to represent him and to allow him the opportunity to respond to the discovery motion (which he opposed during the hearing). Additionally, after the motion

---

[3] Although the People did not submit written verification of the victim's medical diagnosis and prognosis, the Court will rely on the People's representations, but orders that the People submit written verification immediately. *See, e.g., State v. Smith*, 289 Conn. 598, 609, 960 A.2d 993 (2008) (trial court may rely on representations of counsel who, as officer of court, is bound to make truthful statements of fact and law); *see also* Guam R. Professional Conduct 3.3 (Candor Toward the Tribunal).

[4] The Court nearly exhausted the Private Attorney Panel list after most of the prior appointments for Defendant Tedtaotao filed motions to withdraw citing to conflicts of interest. The Court eventually appointed Attorney Sam Teker ("Attorney Teker") to represent Defendant Tedtaotao on June 12, 2013, but had to wait until the June 17, 2013 hearing to determine whether Attorney Teker would truly serve as Defendant Tedtaotao's attorney. During the June 14, 2013 hearing, Attorney Teker informed the Court that he had previously represented Defendant Mendiola in prior, unrelated cases. Although Defendant Mendiola waived any conflicts after he had consulted with his attorney, the Court advised Defendant Mendiola about his right to conflict-free counsel and gave him until June 17, 2013 to carefully consider his waiver and ensure that his waiver was made knowingly, intelligently and voluntarily. Mr. Mendiola subsequently waived any conflicts at the June 17, 2013 hearing.

3

was granted, the People represented to the Court that the buccal swab analysis would take approximately two weeks to complete – even on an expedited basis. Because of this delay, good cause exists to continue the June 26th trial to also allow the People to collect the specimen and to conduct the DNA testing.

## CONCLUSION

For the reasons set forth above, the Court orders that the People's Motion for Good Cause Continuance of Trial is **GRANTED.** However, the Court will not delay the trial for six months, as requested by the People, without sufficient justification to support such a delay in the face of Defendants' asserted right to a speedy trial. The Court, therefore, **ORDERS** the People provide the Court with information supporting the request for a six (6) month delay at the next hearing of this matter on **July 1, 2013, at 2:00 p.m.**

The Court further vacates the jury selection and trial currently scheduled for June 26, 2013.

**SO ORDERED** *nunc pro tunc* on 17th day of June, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

6-25-13

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam

4